IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:06CR00026-001 |
| | ) | |
| MARGARET PYLES WHERRY, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |

Before me now is Defendant's Motion to Dismiss Due to Pre-Accusatory Delay. Oral arguments have been heard and the case is ripe for decision. For the reasons stated herein, Defendant's Motion to Dismiss is **DENIED.**

## I. FACTUAL BACKGROUND/PROCEDURAL HISTORY

On June 22, 2006, Defendant Margaret Pyles Wherry was indicted by a federal grand jury for embezzlement of public property by failing to report income in excess of $250,000 and Social Security benefits in excess of $28,000 to the Department of Veterans Affairs ("VA"), thereby receiving approximately $30,000 in overpayments from the VA. The government alleges that the Defendant failed to report her income from April 1, 1996 to September 6, 2002. Given the delay from the time of this conduct to the time of the indictment, both the Government and the Defendant have destroyed or otherwise failed to retain records relating to the Defendant's income. It appears that the main record missing now is the Defendant's 1998 tax return. The Defendant contends that these missing records may be exculpatory. The Defendant filed this motion on October 3, 2006; the government responded on October 12. Oral arguments were heard on October 13th, 2006.

## II. LEGAL STANDARD

The Fifth Amendment of the United States Constitution provides that "No person shall be . . . . deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. Due process "would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." *United States v. Marion*, 404 U.S. 307, 324 (U.S. 1971). The Defendant bears the burden of showing that such delay violates due process. *Id.* At 325. The Fourth Circuit employs a two-part test for determining whether a pre-indictment delay warrants dismissal: "First, the defendant must show that he has suffered 'actual prejudice' from the pre-indictment delay. Prejudice is demonstrated when the defendant has been 'meaningfully impaired in his ability to defend against the [government's] charges to such an extent that the disposition of the criminal proceeding was likely affected.' Second, if actual prejudice is shown, the court then must balance the demonstrated prejudice against the government's purported need for the delay." *United States v. McKoy*, 129 Fed. Appx. 815, 819 (4th Cir. 2005) (internal citations omitted). The basic inquiry then becomes whether the government's action in prosecuting after substantial delay violates 'fundamental conceptions of justice' or 'the community's sense of fair play and decency.'" *United States v. Automated Medical Laboratories, Inc.*, 770 F.2d 399, 404 (4th Cir. 1985) (*citing United States v. Lovasco*, 431 U.S. 783, 790, (1977).

Due process is also violated if the government fails to hand over potentially exculpatory evidence under certain circumstances. "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v.*

2

*Maryland*, 373 U.S. 83, 87 (1963). Where any exculpatory evidence "is not only available to the defendant but also lies in a source where a reasonable defendant would have looked, a defendant is not entitled to the benefit of the *Brady* doctrine." *United States v. Wilson*, 901 F.2d 378, 381 (4th Cir. 1990). Lost or destroyed evidence, as opposed to suppressed evidence, presents a different problem. "Whatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense. . . To meet this standard of constitutional materiality, evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 488-489 (1984) (internal footnotes and citations omitted). However, if the exculpatory value is indeterminate and the court can only conclude that the evidence was "potentially useful" to the defense, the defendant must demonstrate that the government acted in bad faith in failing to preserve evidence. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).

**III. DISCUSSION**

The Defendant argues her Fifth Amendment due process rights will be violated because the delay by the government in seeking an indictment has made potentially exculpatory evidence–namely her tax records–unavailable. I disagree. While there may be some prejudice from the missing 1998 tax return, the Defendant has not shown that the government's delay was meant for purposes of tactical advantage or harassment. *Marion*, 404 U.S. at 324. Furthermore, the *Brady* doctrine does not apply where the evidence had no exculpatory value that was apparent at the time the evidence was destroyed. *Trombetta*, 467 U.S. at 488-489. Nor does

3

*Brady* apply where both parties had access to the potentially exculpatory evidence. *Wilson*, 901 F.2d at 381.

There is little doubt that an investigative delay is present in this case. By all accounts, the Defendant's alleged criminal conduct occurred between 1996 and 2002. The indictment arose in 2006. For this delay to amount to a due process violation, there must be "substantial prejudice" to the defendant. *Marion*, 404 U.S. at 324. The Defendant argues that such prejudice exists because certain documents relating to her income which could exculpate her were lost or destroyed due to the delay. From the hearing conducted, it appears that only the Defendant's 1998 tax return is missing, and that the tax returns for 1996 and 1997 have been accounted for. The Defendant did not file tax returns for 1994, 1995, 1999, and 2000. If the 1998 tax return contains exculpatory evidence, it could only prove that the Defendant did not fail to report income for this year. At best, the missing evidence could only lessen the amount of money and time for which she stands accused of embezzling. While this may be prejudice, it does not appear substantial in that it "meaningfully impair[s] in [her] ability to defend against the state's charges to such an extent that the disposition of the criminal proceeding [is] likely affected." *Jones v. Angelone*, 94 F.3d 900, 907 (4th Cir. 1996).

Even assuming that actual, substantial prejudice is shown, "the court then must balance the demonstrated prejudice against the government's purported need for the delay." *McKoy*, 129 Fed. Appx. at 819. The Defendant fails in making a showing of bad faith on the government's part. The need for the delay arose from the government having to pass the matter through several different hands before initiating criminal proceedings. The Defendant had notice as early as 2001 that this process was beginning. According to the government, the overpayment of

4

benefits alleged here did not become apparent until 2001 through an income match verification process. The VA then conducted its own inquiry and notified the Defendant. After this process, the VA referred the case to its Inspector General. After the Inspector General's investigation, the case was referred to the U.S. Attorney, which conducted its own investigation and scheduled a grand jury. Thus, it appears that the delay was the result of bureaucratic mechanisms at the worst, and not a desire to harass or gain tactical advantage over the Defendant. It may well be that the steps taken after discovering a payment discrepancy and before initiating a criminal investigation are necessary. These intervening steps may protect those benefit recipients from the stigma and burden of a criminal investigation when the discrepancy may be a mere mistake on the VA's part. It may present recipients and the government with an opportunity to resolve discrepancies without criminal proceedings. In any event, the Defendant has not shown that the government's need for the delay was motivated by bad faith, or that it "violates 'fundamental conceptions of justice' or 'the community's sense of fair play and decency.'" *United States v. Automated Medical Laboratories, Inc*., 770 F.2d at 404.

In balancing the prejudice to the Defendant against the government's need for the delay, we find that there is no due process violation. *McKoy*, 129 Fed. Appx. at 819. Any prejudice in this case is slight and the government has presented good faith motives for the delay. This case also presents no *Brady* issue. *Brady* applies to evidence that is suppressed by the government and only accessible to the government. *Wilson*, 901 F.2d at 381. Both the Internal Revenue Service ("IRS") and the Defendant had access to the information that is now missing. Furthermore, *Brady* does not apply where the government had no reason to expect that the destroyed material had apparent exculpatory value. *Trombetta*, 467 U.S. at 488-489. Both the

5

IRS and the Defendant apparently destroyed or otherwise stopped retaining these documents in the ordinary course of business because neither party could foresee their use in a criminal proceeding at the time. Even if the missing records have potentially exculpatory value, the Defendant has not made the required showing of bad faith on the part of the government in failing to retain them. *Youngblood*, 488 U.S. at 58.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss **DENIED.**

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record.

ENTERED this 20th day of October, 2006.

s/Jackson L. Kiser
Senior United States District Judge
